UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MERCANTILE GLOBAL HOLDINGS, INC.**
*Petitioner,*

v.

**HAMILTON M&A FUND SP,**
*Respondents.*

# PETITION TO CONFIRM ARBITRATION AWARD
# AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## PRELIMINARY STATEMENT

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Petitioner Mercantile Global Holdings, Inc. ("MGH"), by and through their undersigned counsel, submits this Motion to Confirm the Final Arbitration Award.

Petitioners seek to have this Court confirm, in its entirety, the Final Arbitration Award rendered by the duly-appointed arbitrator Steven Skulnik (the "Arbitrator") of the American Arbitration Association in the Matter of the Arbitration between Mercantile Global Holdings Inc. and Hamilton M&A Fund SP in ICDR Case No. 01-22-0004-1325 (the "Arbitration") on September 13, 2023 (the "Final Award") attached hereto as Exhibit A and enter judgment in accordance with the Final Award, including additional interest during the pendency of this proceeding.

## THE PARTIES

1. Petitioner, MGH, a Delaware corporation, is a bank holding company. Its subsidiary, Mercantile Bank International, is a digital asset custody bank under the supervision of the Puerto Rico Office of the Commissioner of Financial Institutions.

2. Respondent Hamilton M&A Fund, SP ("Hamilton") is a segregated portfolio company of Hamilton Opportunity Fund, SPC ("HOF"). HOF is a Cayman Islands segregated portfolio company operating as a mutual fund under Section 4(3) of the Mutual Funds Act (Revised) of the Cayman Islands.

3. In September of 2022, MGH and Hamilton executed two investment agreements. Exhibits B and C. Under those agreements, Hamilton agreed to invest a total of $37,089,253 into MGH in exchange for 19,339,710 shares of MGH's Series A-2 Preferred Stock and 39,993,601 shares of MGH's Class A Common Stock. These investments were intended by the parties to grow MGH.

4. Despite attempting to do so, Hamilton failed to make the required payments to MGH.

5. The two investment agreements are "governed by and construed in accordance with the laws of the State of Delaware" and contain arbitration clauses which state that any "controversy or claim arising out of or relating to [them] or the breach thereof, shall be determined through confidential binding arbitration administered pursuant to the expedited rules of the AAA and the judgment on the award rendered therein may be entered in any court having jurisdiction thereof."

## PROCEDURAL BACKGROUND

6. On September 30, 2022 MGH filed a AAA arbitration demand against Hamilton, alleging a breach of contract for Hamilton's failure to perform under each of the investment agreements. On October 6, 2022 the case manager confirmed receipt of the demand and marked the date of commencement as October 3, 2022. *See* Exhibit D (Receipt of Notice of Arbitration). The case manager determined that the matter would be administered under the International Dispute Resolution Procedures.

7. On November 4, 2022, MGH filed a corrected demand for arbitration. On December 29, 2022, Hamilton filed its answer to the demand for arbitration (along with a motion to dismiss, which was denied).

8. After various delays beyond the scope of this briefing, on April 21, 2022, AAA confirmed the appointment of Arbitrator Skulnik. *See* Exhibit E (AAA Notice Confirming Appointment).

9. The Arbitrator held a preliminary hearing on May 26, 2023. Later that day, the Arbitrator issued Amended Procedural Order #1 reflecting as follows:

   a. The procedural conference was held as scheduled and resulted in Amended Procedural Order #1, dated May 26, 2023 (**PO1**), providing, among other things, that: The Parties confirmed there are no conditions precedent that must be satisfied before the jurisdiction of the Tribunal vests.

   b. The Parties confirmed that the Tribunal has jurisdiction to determine the claims asserted in the pleadings filed in this Arbitration.

   c. The Parties agreed that the arbitral seat is New York, NY and that the arbitration is to be conducted in English.

   d. The Parties agreed that the substantive law applicable to this dispute is Delaware law.

      e. The Parties agreed that the ICDR Rules and the International Expedited Procedures apply.

      f. Claimant would identify its expert by June 5, 2023, and Respondent would identify its expert by July 5, 2023.

      g. Both sides would make their first written merits submissions by June 28, 2023.

      h. After receipt of the first submissions, the Parties would confer on whether an exchange of documents material to the dispute and not already included in the written submissions is appropriate. Any disputes concerning document disclosure would be promptly submitted to the Tribunal for decision by means of a Redfern schedule.

      i. Both sides would make their responsive written merits submissions by July 14, 2023.

      j. The merits hearing would proceed at 10:00 am EDT on July 24, 2023, at the offices of the AAA/ICDR, 150 East 42nd Street, New York, NY 10017.

      k. The arbitral award would state the reasons on which it rests.

Neither party objected to this Order, and the parties followed it thereafter.

10. A merits hearing was held as scheduled on July 24 and 25, 2023. Oral testimony was heard and evidence received as reflected in Exhibit A.

11. Each party was represented by counsel throughout.

12. After the hearing, the parties submitted one round of post-hearing briefing.

***Final Award***

13. On September 13, 2023 the Arbitrator issued the Final Award.

14. The Arbitrator awarded MGH $20,251,062.14 in damages and ordered that Hamilton also pay simple interest on that amount at the rate of 2.68% per annum from September 16, 2022 until the earlier of when the Final Award is paid or the date the Final Award is confirmed and merged into a money judgment.

15. The Arbitrator awarded MGH $1,019,026.43 in costs and counsel fees and ordered that Hamilton also pay simple interest to MGH on that amount at the rate of 2.68% per annum

from the date of transmittal of the Final Award to the parties until the earlier of when the Final Award is paid or the date the Final Award is confirmed and merged into a money judgment.

16. The Arbitrator awarded MGH $85,780 as the portion of fees and compensation previously advanced by MGH to the ICDR and ordered that Hamilton also pay simple interest to MGH on that amount at the rate of 2.68% per annum from the date of transmittal of the Final Award to the parties until the earlier of when the Final Award is paid or the date the Final Award is confirmed and merged into a money judgment.

## LEGAL STANDARD

17. The Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, *et seq.*, imposes a heavy presumption in favor of confirming arbitration awards and confirmation is usually routine or summary. *See e.g. D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected.") (internal citations omitted). The "arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal citations omitted). To effectuate its purpose, the FAA "provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008).

18. Courts have an "extremely limited" role in reviewing arbitration awards. *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d. Cir. 2019). Courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *WRW Chocolates, LLC v. Moonstruck Chocolatier, Inc.*, 432 F. Supp. 2d 306, 310 (E.D.N.Y.

2006) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  A court is not at liberty to make assumptions as to the arbitrator's logic; indeed, "so long as the arbitrator is even arguably construing or apply the contract and acting within the scope of his authority, arbitration awards **must be confirmed**." *Id.* at 311. (emphasis added) (internal citations omitted).

19. The FAA does not allow full-bore legal and evidentiary appeals and courts should be "highly deferential" to the arbitrator and vacate the award only in "rare" circumstances. *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC,* 648 F.3d 68, 78 (2d Cir. 2011).  In short, "courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or misrepresentation of the contract." *Misco*, 484 U.S. at 36.

20. "Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)).  There are only four grounds to vacate an award: (1) "the award was procured by corruption, fraud, or undue means," (2) the arbitrators showed "evident partiality or corruption," (3) "the arbitrators were guilty of misconduct" that prejudiced "the rights of any party," or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a).  These stringent standards mean that a petitioner "must clear a high hurdle" to vacate an arbitration award. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). A petition to vacate an arbitration award is "not an occasion for *de novo* review of an arbitral award." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, at 71-72 (quotations omitted).  Instead, the review is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (quotations omitted).

## JURISDICTION AND VENUE

21. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil matter between citizens of a state and subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

22. This Court will have jurisdiction over Hamilton because they will have been duly served with process in accordance with 9 U.S.C. § 9 (or will have agreed to waive such service), in addition to service via e-filing using this Court's ECF system. Moreover, Hamilton has voluntarily submitted itself to the jurisdiction of this court through its actions and its participation in the arbitration within this Court's jurisdiction.

23. This Court is an appropriate venue to confirm the Final Award pursuant to the investment agreements and pursuant to 9 U.S.C. § 9.

## COUNT I
## CONFIRMATION OF AWARD AND ENTRY OF JUDGMENT
## (9 U.S.C. § 9)

24. MGH incorporates by reference and repeats the allegations set forth in paragraphs 1 through 23 above.

25. MGH has a statutory right to an order confirming the Final Award in its entirety pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

26. MGH and Hamilton agreed to arbitrate disputes arising out of and relating to their contracts.

27. After MGH filed its arbitration demand in September 2022, the parties arbitrated this dispute for nearly a year in a proceeding administered by the American Arbitration Association, labeled Case No. 01-22-0004-1325.

28. This arbitration proceeding culminated in the Arbitrator's Final Award, issued on September 13, 2023, which awarded $20,251,062.14 in damages (plus interest as of September 16, 2022—the date of the breach), and $1,104,806.43 in costs and fees (plus interest as of September 13, 2023—the date of the award) to MGH.

29. MGH and Hamilton agreed in their contracts that judgment upon the Arbitrator's decision and award may be entered in any court having jurisdiction, and the jurisdictional requirements have been satisfied in this Court.

30. Hamilton has been duly served with process in accordance with 9 U.S.C. § 9.

31. There are no legally cognizable grounds upon which the Final Award may be vacated, modified, or otherwise challenged, or upon which recognition and enforcement of the Final Award may be refused. The Arbitrator is a well-credentialed lawyer who has presided over many AAA arbitrations. He had no relationship with the parties or counsel. No objection was made to his appointment. No objection was made to any procedure he adopted or to orders issued prior to the Final Award. The Arbitrator held a hearing consistent with AAA rules and procedure, which allowed for both parties to be heard through counsel. Witness testimony was heard and evidence was taken. Counsel for both parties were permitted to cross examine adverse witnesses and solicit evidence as appropriate. The Final Award is consistent with AAA rules and procedure. None of the grounds that could serve as a basis for overturning the Final Award under the FAA or any other law have ever been advanced by either party, either before or after the hearing.

## RELIEF REQUESTED

32. WHEREFORE, MGH respectfully requests the Court grant the following relief:

   a. An Order pursuant to 9 U.S.C. § 9 confirming in its entirety, without change or modification, the Final Award issued by the Arbitrator, attached hereto as Exhibit A;

   b. A Judgment in accordance with the Final Award pursuant to 9 U.S.C. § 9;

   c. An award of prejudgment interest under applicable law, including any prejudgment interest that will have accrued between September 13, 2023 and the date the Court enters the Judgment requested in paragraph 32(b) above;

   d. An Order that post-judgment interest under applicable law will begin accruing upon this Court entering the Judgment requested in paragraph 32(b) above;

   e. Costs of this application and of all proceedings subsequent thereto, including reasonable attorneys' fees; and

   f. Such other and further relief to which MGH may be entitled.

**Dated:** September 25, 2023

Respectfully submitted,

/s/Mark Klapow
Mark Klapow
**CROWELL & MORING LLP**
1001 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 624-2975
MKlapow@crowell.com