**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MERCANTILE GLOBAL HOLDINGS, INC., <br><br> *Petitioner*, <br> v. <br><br> HAMILTON M&A FUND, SP, <br><br> *Respondent*. | Case No. 1:23-cv-08446-DEH |

**RESPONDENT HAMILTON M&A FUND, SP'S REPLY**
**IN SUPPORT OF MOTION TO VACATE ARBITRATION AWARD**

**SCHULMAN BHATTACHARYA, LLC**

Jeffrey S. Gavenman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
3445 Winton Place, Suite 228
Rochester, New York 14623
Telephone: (240) 356-8553
Facsimile: (240) 356-8558
E-mail: jgavenman@schulmanbh.com

*Counsel for Respondent Hamilton M&A Fund, SP*

January 5, 2024

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...........................................................................................................................2

   I.    MGH's Waiver Argument Fails as a Matter of Fact. ..........................................................2

   II.   The Arbitrator Had No Justification for the $20 Million Damages Award......................5

   III.  Hamilton Has Established Manifest Disregard of Law. ....................................................7

      A.   The Reasonable Certainty Requirement Applies to Estimates of Damages...................7

      B.   Hamilton Raises the Arbitrator's Error of Law, Not an Error of Fact..........................10

CONCLUSION .........................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Agilent Techs., Inc. v. Kirkland*,
  2010 WL 610725 (Del. Ch. Feb. 18, 2010) ...............................................................................8

*Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Service of Cincinnati, Inc.*,
  1996 WL 506906 (Del. Ch. Sept. 3, 1996) ..............................................................................6, 7

*Combs v. Same Day Delivery Inc.*,
  No. 1:22-cv-00520-MKV, 2023 WL 6162196 (S.D.N.Y. Sept. 20, 2023) ..............................10

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) ........................................................................................................5

*Dill v. Dill*,
  2016 WL 4127455 (Del. Super. Aug. 2, 2016) ..........................................................................8

*eCommerce Indus., Inc. v. MWA Intelligence, Inc.*,
  2013 WL 5621678 (Del. Ch. Sept. 30, 2013) .........................................................................6, 10

*Garrity v. Credit Suisse Sec. (USA) LLC*,
  23 Civ. 1457 (KPF) & 23 Civ. 1830 (KPF), 2023 WL 7924726 (S.D.N.Y. Nov. 16, 2023) ......5

*Ivize of Milwaukee, LLC v. Compex Litig. Support, LLC*,
  2009 WL 1111179 (Del. Ch. Apr. 27, 2009) ...........................................................................8, 9

*LaPoint v. AmerisourceBergen Corp.*,
  2007 WL 2565709 (Del. Ch. Sept. 4, 2007) ............................................................................6, 9

*Luzar Trading, S.A. v. Tradiverse Corp.*,
  Nos. 20-CV-623 (KMW) & 20-CV-3387 (KMW), 2021 WL 1164041 (S.D.N.Y. Mar. 25,
  2021) ..........................................................................................................................................4

*NetApp, Inc. v. Cinelli*,
  2023 WL 4925910 (Del. Ch. Aug. 2, 2023) ..............................................................................8

*Ravenswood Investment Co., L.P. v. Estate of Winmill*,
  2018 WL 1410860 (Del. Ch. Mar. 21, 2018) ..........................................................................7, 9

*Siga Techs., Inc. v. PharmAthene, Inc.*,
  132 A.3d 1108 (Del. 2015) ........................................................................................................8

*Tanner v. Exxon Corp.*,
  1981 WL 191389 (Del. Super. July 23, 1981) ...........................................................................8

*VH5 Capital, LLC v. Rabe*,
  2023 WL 4305827 (Del. Ch. June 30, 2023). ....................................................................6, 9

*Weinberger v. UOP, Inc.*,
  1985 WL 11546 (Del. Ch. Jan. 30, 1985) ................................................................................7


**Rules**
LRCiv. 56.1(c)................................................................................................................5, 6

Respondent Hamilton M&A Fund, SP ("Hamilton") respectfully submits this reply in support of its Motion to Vacate Arbitration Award (the "Motion") (ECF No. 11).[1]

## PRELIMINARY STATEMENT

MGH's Opposition is nothing more than an attempt to distract from the straightforward issue at hand: in the Award, the Arbitrator (1) found that the record was devoid of any basis to calculate damages, other than rank speculation that was "no more than a guess"; (2) demonstrated a clear understanding that Delaware law prohibits the award of damages based on such speculation; (3) then ignored that understanding of the law, and awarded damages to MGH in spite of such prohibition. That is clear grounds to vacate, and none of the three arguments offered by MGH in its Opposition hold any water to suggest otherwise.

First, MGH put forth a baseless waiver argument. It is beyond any dispute that Hamilton timely challenged the Award's grounds for damages. The record is clear that Hamilton repeatedly argued that MGH could not be awarded damages based on unsubstantiated speculation. Further, Hamilton specifically argued that Dr. Hekman's "guess" was impermissibly speculative in its Post-Hearing Brief, which is fatal to MGH's waiver claim. Apart from being factually incorrect, though, MGH's waiver argument is logically impossible—Hamilton could not have objected to the Arbitrator's exclusive reliance on pure speculation before the Arbitrator actually issued the Award.

MGH's second argument fails because an impermissibly speculative guess cannot serve as the "barely colorable justification" for a damages award. The Arbitrator simply could not make any reasonable estimate as to MGH's damages because the record contains nothing more than an

---

[1] Hamilton adopts the same terminology used in its initial memorandum of law (ECF No. 17), which is cited herein as "Mot. at [ ]". Hamilton refers to MGH's opposition to the Motion as the "Opposition" (ECF No. 24), which is cited herein as "Opp. at [ ]."

entirely speculative "guess" regarding the market value of the Shares. Delaware law is clear that a damages award may be based on an estimate only where that estimate is *reasonable*, and the Court need not review the evidentiary record to see that Dr. Hekman's "guess" is plainly not a reasonable estimate of market value. That much is clear from the very text of the Award itself and from Hamilton's undisputed Local Rule 56.1 Statement. The Arbitrator flatly rejected each Party's calculations of the market value of the Shares; found that neither side's experts made an estimate of market value when presenting their opinions; and found that the only estimate of market value was pure speculation. Because Delaware law prohibits damages awards based only on mere speculation, there was zero justification to award MGH damages here.

MGH's third argument is equally deficient. As is clear from the law referenced above, the Arbitrator erred in applying the law, not in deciding the facts or weighing the evidence. The Arbitrator correctly determined that the record was so deficient that all he could do was "guess"; his error was in disregarding the law prohibiting speculative "guessing" as a basis for damages, which he had already correctly applied. At bottom, MGH cannot escape the reality that the Arbitrator stated that the law prevents him from awarding damages based on mere speculation, but did so anyway. That is manifest disregard of the law, and the award of damages must be vacated.[2]

## ARGUMENT

### I. MGH's Waiver Argument Fails as a Matter of Fact.

MGH bizarrely argues that Hamilton cannot challenge the $20 million damages award as impermissibly speculative because Hamilton did not "first giv[e] the arbitrator an opportunity to

---

[2] Hamilton stresses that *only* the determination of damages based on the market price of the Shares must be vacated. Hamilton does no seek vacatur of the entire Award. Indeed, the Arbitrator plainly understood the law and otherwise applied it correctly throughout the Award.

hear the issue. Opp. at 6. This is simply factually incorrect. In reality, Hamilton specifically argued that the $20 million figure was impermissibly speculative in its Post-Hearing Brief.

Hamilton's Post-Hearing Brief expressly argues that, when MGH "was left scrambling to try and offer a market price" after it became apparent that the Arbitrator did not believe MGH was entitled to the full contract price, "all [MGH] could come up with on the spot was a figure based on pure speculation." ECF No. 19-3 at 32. Hamilton's Post-Hearing Brief likewise asserts that "MGH did not present any evidence that could be used to calculate the proper [market price] figure," and stresses that two of the three inputs in Dr. Hekman's methodology for calculating market price were utterly hypothetical. *Id.* Hamilton concluded that section of its briefing by arguing that MGH could not be awarded damages based on the market price because MGH failed to satisfy its evidentiary burden. *Id.* at 33. Hamilton clearly addressed Dr. Hekman's $20 million guess and argued that it was impermissibly speculative. The only thing that is unclear is what more MGH believes Hamilton should have done to place the issue before the Arbitrator.

It is even more disingenuous for MGH to suggest that Hamilton somehow deprived the Arbitrator of the opportunity to consider the application of Delaware's speculative damages rule, though, when Hamilton challenged MGH's claimed damages as speculative at every turn—in its pre-hearing briefing, at the Hearing, and in its Post-Hearing Brief. ECF No. 19-2 at 24–25; ECF No. 19-3 at 30–39, 42–43 Thus, the issue of speculative damages—and Delaware law's prohibition on their award—was squarely before the Arbitrator. And, Hamilton thoroughly briefed and argued the question of market price of the Shares before the Arbitrator. ECF No. 19-3 at 32–33.

To the extent that MGH suggests that Hamilton was obligated to object at the Hearing—rather than in its Post-Hearing Brief—to the $20 million as the specific market value of the Shares, it offers no support for such a proposition. Nor could MGH offer any such support, as addressing

the issue in Hamilton's Post-Hearing Brief clearly allowed "the arbitrator an opportunity to hear the issue." MGH also offers no legal support for the proposition that Hamilton was required to specifically object to Dr. Hekman's guess at the time he uttered the words to preserve the current grounds for review and no law showing what form such objection would need to take. The standard rules of evidence do not strictly apply in arbitration proceedings. *Luzar Trading, S.A. v. Tradiverse Corp.*, Nos. 20-CV-623 (KMW) & 20-CV-3387 (KMW), 2021 WL 1164041, at *10 (S.D.N.Y. Mar. 25, 2021). Furthermore, Dr. Hekman was not testifying on the witness stand when he gave the $20 million market value estimate; rather, as MGH notes, the Arbitrator had engaged the experts in a casual colloquy. *See* Opp. at 7; *see also* ECF No.19-4 at 379:9–382:1.

Additionally, it must be noted that MGH's insistence on an objection at the Hearing is particularly bizarre, given that neither party actually proposed the $20 million as the proper damages figure before, during, or after the Hearing. As the Arbitrator highlighted in the Award, Hamilton and MGH staked out two opposite and well-defined positions regarding market value: Hamilton maintained that the $37 million contract price was reached in an arm's length transaction and therefore is the market price of the Shares, whereas MGH asserted that the Shares could not be resold and therefore had a market value of $0. Award at ¶ 77. MGH never endorsed Dr. Hekman's "very speculative" "guess" at the hearing or in its post-hearing briefing.

MGH also faults Hamilton for not questioning Mr. Hock regarding the $20 million "guess." *See* Opp. at 7. Suggesting that Hamilton was required to question its own expert about the $20 million hypothetical "guess" is absurd. Mr. Hock was not even qualified as an expert to offer any estimate of the timing or amount of any potential future investment, and he did not offer any such testimony. *See* Mot. at 8. It strains credulity for MGH to argue that Hamilton was required to elicit testimony from Mr. Hock regarding Dr. Hekman's made-up number, even though Mr. Hock was

not qualified to offer such testimony. And the remainder of MGH's waiver arguments are equally absurd. MGH asserts that, "[d]uring the course of the Arbitration, evidence was heard on the $20 million market value." Opp. at 7. It was not—the Arbitrator determined so and MGH has now admitted as much.[3] Award at ¶¶ 80, 82 n.28; ECF No. 20 at ¶¶ 14, 28. MGH is also wrong that "Hamilton's expert then testified about that $20 million." Opp. at 7. As Hamilton made clear, Mr. Hock testified only to the reasonableness of the discount rate applied to some hypothetical future investment. *See* Mot. at 8–9. Finally, MGH's suggestion Hamilton should have moved for reconsideration before the Arbitrator, when the ICDR Expedited Procedures do not provide for such a motion, should be completely disregarded.[4]

## II.   The Arbitrator Had No Justification for the $20 Million Damages Award.

Hamilton is not asking the Court to reweigh the evidence before the Arbitrator. *See* Opp. at 9. Hamilton's argument is that there was *no* evidence of the market price, which the Arbitrator recognized. The Court would have no need to review the evidentiary record because the Arbitrator's own assessment is sufficient: "neither side's experts made an estimate of market value when presenting their opinions" (Award at ¶ 80), and "the *only* estimate [of market value] offered

---

[3] As noted in the Motion, SDNY courts require submission of a statement of undisputed material facts pursuant to Local Rule 56.1 with an application to confirm or vacate an arbitral award. *See Garrity v. Credit Suisse Sec. (USA) LLC*, 23 Civ. 1457 (KPF) & 23 Civ. 1830 (KPF), 2023 WL 7924726, at *6 (S.D.N.Y. Nov. 16, 2023); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Hamilton filed a Local Rule 56.1 Statement (ECF No. 20), and MGH failed to respond (and, clearly, MGH had no basis to dispute such statements); thus, all statements in Hamilton's Local Rule 56.1 Statement are now deemed admitted by MGH. LRCiv. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.")

[4] *See* International Dispute Resolution Procedures, Art. E–1–E–10 (Mar. 1, 2021), https://www.adr.org/sites/default/files/ICDR_Rules_0.pdf (last viewed January 5, 2024).

in this case" is Dr. Hekman's "guess." *Id.* at ¶ 82 n.28 (emphasis in original). Indeed, it is undisputed that "[n]owhere in MGH's briefing, the MGH Report, or its other submissions did MGH present any data, analysis, estimates, or predictions as to the timing or amount of any future investment that it might receive[.]" ECF No. 20 at ¶ 14. It is likewise undisputed that the record "contains no independent evidence of market value that the Arbitrator did not explicitly reject" apart from Dr. Heckman's "guess." *Id.* at ¶ 28.[5]

The Parties and the Arbitrator therefore all agree that the $20 million damages award hangs completely on Dr. Hekman's entirely speculative estimate. MGH argues that this "guess" alone provides the "barely colorable justification" that MGH needs to receive confirmation of the Award. Opp. at 11. In so arguing, MGH attempts to minimize the Arbitrator's characterization of Dr. Hekman's figure as "no more than a guess" by stressing that the Arbitrator also referred to the "guess" as an "estimate" on four occasions. Opp. at 10. Irrespective of the semantic difference between a "guess" and an "estimate," Delaware law is clear that an estimate is sufficient to form the basis for a damages award only if it is *reasonable. LaPoint v. AmerisourceBergen Corp.*, 2007 WL 2565709, at *9 (Del. Ch. Sept. 4, 2007); *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Service of Cincinnati, Inc.*, 1996 WL 506906, at *20 (Del. Ch. Sept. 3, 1996) ("Damages cannot be speculative or uncertain, but must be at least based on a 'reasonable estimate.'" (cleaned up)). That is because Delaware law requires plaintiffs to prove contract damages with reasonable certainty, and "mere speculation or conjecture" is not sufficient to satisfy that burden. *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *42 (Del. Ch. Sept. 30, 2013); *VH5 Capital, LLC v. Rabe*, 2023 WL 4305827, at *21 (Del. Ch. June 30, 2023).

---

[5] Again, by failing to respond to Hamilton's Rule 56.1 Statement, MGH conceded these points and they are deemed admitted. LRCiv. 56.1(c). Of course, there was no basis for MGH to dispute them even if MGH had offered a response.

A speculative guess at an estimate, standing alone, simply cannot support a damages award under Delaware law. *See Cincinnati Bell*, 1996 WL 506906, at *20 (holding contract damages claims were not based on a reasonable estimate because they were "based on assumptions about industry averages and [were] not linked specifically to the alleged" wrongful acts); *cf. Ravenswood Investment Co., L.P. v. Estate of Winmill*, 2018 WL 1410860, at *23–25 (Del. Ch. Mar. 21, 2018) (denying rescissory damages where plaintiff failed to provide evidentiary basis to arrive at reasonable estimate based on updated share value); *cf. Weinberger v. UOP, Inc.*, 1985 WL 11546, at *2–3 (Del. Ch. Jan. 30, 1985) (declining to award rescissory damages following merger where court could not determine post-merger share price with sufficient certainty). But that "guess" at an estimate is all the Arbitrator cites; it provides zero justification for the damages award and it is undisputed that the record contains no other support. Thus, the Arbitrator had no colorable justification for the damages he awarded.

### III. Hamilton Has Established Manifest Disregard of Law.

Hamilton agrees that manifest disregard of the law is rarely an appropriate basis to vacate an arbitral award, but this Award is one of the rare arbitral decisions that justify the doctrine's existence. The Arbitrator correctly stated the law; correctly applied that law to two of MGH's claimed damages measures; and clearly stated that there was no non-speculative evidence of market value, but then ignored the law to award damages based on market value, anyway. Manifest disregard is so rarely obvious, but it is here.

### A. The Reasonable Certainty Requirement Applies to Estimates of Damages.

MGH does not argue that Dr. Hekman's "guess" was supported by any facts or analysis, whether captured in the evidentiary record or otherwise. Rather, MGH suggests that Dr. Hekman's number—or any other random guess—is enough to prove damages as long as MGH established

the fact of injury. Opp. at 12–14. MGH wants a free pass on its failure to prove the amount of damages but, once again, MGH is wrong on the law.

In Delaware, "the standard remedy, or damages, for a breach of contract is based upon the reasonable expectations of the parties," and "[d]amages for breach of contract must be proven with reasonable certainty. Recovery is not available to the extent that the alleged damages are uncertain, contingent, conjectural, or speculative." *Dill v. Dill*, 2016 WL 4127455, at *1 (Del. Super. Aug. 2, 2016) (citing *Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1131 (Del. 2015)). MGH appears to confuse "reasonable certainty" with "substantial evidence," which the Arbitrator addressed in the Award: "MGH instead attempts to argue that where the fact of damages is established, certainty is not required[.] However, as a case cited by MGH demonstrates, 'future lost profits must be established by "substantial evidence" and not by speculation.'" Award at ¶ 75 (quoting *Agilent Techs., Inc. v. Kirkland*, 2010 WL 610725, at *29 n.271 (Del. Ch. Feb. 18, 2010)). "Reasonable certainty" is not a heightened standard—it simply means "out of the area of speculation." *NetApp, Inc. v. Cinelli*, 2023 WL 4925910, at *16 n.218 (Del. Ch. Aug. 2, 2023) (citing *Tanner v. Exxon Corp.*, 1981 WL 191389, at *1 (Del. Super. July 23, 1981)).

MGH touches on a distinction in Delaware's law on damages that makes no difference here. "Damages" must be proven with reasonable certainty, *Dill*, 2016 WL 4127455, at *1, and Hamilton agrees that, under Delaware law, contract damages may be based on an estimate. *Siga*, 132 A.3d at 1111. But that does not absolve MGH from presenting any evidence as to the amount of damages *at all*—even plaintiffs who prove the fact of damages must offer *something* as to their amount. *See Ivize of Milwaukee, LLC v. Compex Litig. Support, LLC*, 2009 WL 1111179, at *11–12 (Del. Ch. Apr. 27, 2009) (awarding only nominal damages where the plaintiff "certainly incurred some damages," but "failed to prove the *amount* of its damages *with the required*

*certainty*" (emphasis added)). As the Court of Chancery has explained, the plaintiff must show "that the Court may make a reasonable estimate as to an amount of damages." *LaPoint*, 2007 WL 2565709, at \*9. Damages do not require "mathematical accuracy"; rather, "plaintiffs need only to lay a reasonable foundation by which the Court may estimate their loss." *Id.* However, "where the amount of damages may not be estimated with reasonable certainty despite a showing of breach on the part of the defendant, the Court may still award nominal damages." *Id.*[6]

MGH simply does not want to acknowledge the $20 million "guess" for what it truly was—a made-up number that Dr. Hekman offered while he pretended to represent Hamilton. ECF No. 19-4 at 380:2–25. Plainly, Dr. Hekman's "very speculative" "guess" is not a "reasonable estimate" that is sufficiently definite to form the basis for a damages award, and for that, MGH is only entitled to nominal damages. *See VH5 Capital*, 2023 WL 4305827, at \*21–23 (awarding only nominal damages where plaintiff proved fact of injury but not amount of damages); *Ivize*, 2009 WL 1111179, at \*11–12 (awarding only nominal damages where plaintiff proved that it incurred some damage but "failed to prove the amount with the required certainty due to" flawed methodology). *Cf. Ravenswood*, 2018 WL 1410860, at \*23–25 (awarding only nominal damages where plaintiff failed to provide evidentiary basis to arrive at reasonable estimate of share value). Given the Arbitrator's specific findings regarding the lack of evidence (Award ¶ 80), the lack of any estimate (*id.* at ¶ 82 n.28), and the lack of utility from MGH's expert testimony (*id.* at ¶ 89 n.32), Dr. Hekman's guess cannot provide any justification, even a barely colorable one, for the award of $20 million in damages.

---

[6] Otherwise, Delaware courts would never award nominal damages for breaches of contract—plaintiffs could simply invent a damages figure on the spot, as Dr. Hekman did, and the Court would have to award it.

**B.      Hamilton Raises the Arbitrator's Error of Law, Not an Error of Fact.**

MGH again appears to have misconstrued Hamilton's argument. MGH argues that Hamilton fails to show "that calculating the market value of MGH's shares based on an 'estimate' by 'both parties' is contrary to law[.]" Opp. at 14. MGH then claims that "what Hamilton really argues here is that Arbitrator Skulnik's conclusions were contrary *to the evidence*." *Id.* All of this is inaccurate. Hamilton is not arguing that the Arbitrator calculated the damages incorrectly or made an error in weighing the evidence. Rather, it is that Delaware law prohibits damages based on "mere speculation and conjecture." Delaware law mandates that contract damages must be reasonably certain and not speculative or conjectural. *eCommerce*, 2013 WL 5621678, at *42; *VH5 Capital, LLC*, 2023 WL 4305827, at *21. The Arbitrator acknowledged that neither side presented evidence of market value apart from Dr. Hekman's "very speculative" "guess" but issued a damages award based on market value anyway, even though he knew that Delaware law prohibited him from doing so. Award at ¶¶ 73, 80, 82 n.28. That is textbook, black letter manifest disregard of the *law*. *Combs v. Same Day Delivery Inc.*, No. 1:22-cv-00520-MKV, 2023 WL 6162196, at *7 (S.D.N.Y. Sept. 20, 2023) (stating manifest disregard arises where arbitrator knows well-defined, explicit, and clearly applicable rule and either refuses to apply it or ignores it altogether). The rest of MGH's argument on this point is just window dressing.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Award must be vacated and this matter remanded to the Arbitrator with instructions to issue an award to MGH of not more than nominal damages and to reconsider the amount of attorneys' fees, costs, and administrative fees awarded to MGH in light of this determination, as well as any other and further relief that is necessary and proper.

Dated: January 5, 2024                    Respectfully submitted,

                                          **SCHULMAN BHATTACHARYA, LLC**

                              By:    /s/ Jeffrey S. Gavenman
                                     Jeffrey S. Gavenman
                                     Schulman Bhattacharya, LLC
                                     6116 Executive Boulevard, Suite 425
                                     North Bethesda, MD 20852
                                     and
                                     3445 Winton Place, Suite 228
                                     Rochester, NY 14623
                                     Telephone: (240) 356-8553
                                     Email: jgavenman@schulmanbh.com

                                     *Counsel for Respondent Hamilton M&A Fund, SP*