UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCANTILE GLOBAL HOLDINGS, INC., <br><br>        Petitioner, <br><br>    v. <br><br>HAMILTON M&A FUND, SP, <br><br>        Respondent. | 23 Civ. 8446 (DEH) <br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

  In this action, Petitioner Mercantile Global Holdings, Inc. ("Mercantile") petitions for confirmation of an arbitral award issued on September 13, 2023 (the "Award"). Respondent Hamilton M&A Fund, SP, ("Hamilton") moves to vacate the Award. The petition and the motion to vacate are addressed in a separate opinion.

  The parties both move to file under seal certain documents filed in support of Hamilton's motion to vacate, though the parties' letters make clear that Mercantile is the party with an interest in confidential treatment. *See* Resp't's Letter Mot. for Leave to File Docs. Under Seal, ECF No. 13; Pet'r's Letter Mot. to Seal ("Pet'r's Mot."), ECF No. 21. The documents in question are the report of Mercantile's damages expert and two of Hamilton's briefs submitted in the arbitral proceeding, as well as an excerpt of the transcript from that proceeding. *See* Pet'r's Mot. at 1-2. Mercantile states that these documents are subject to a confidentiality order and that they "contain sensitive business or proprietary information." *See id.* at 1.

  A three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[1] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. The

---

[1] In all quotations from cases, internal quotation marks, brackets, citations, ellipses, and footnotes are omitted unless otherwise indicated.

documents at issue here are judicial documents, because documents submitted in connection with a petition to confirm or vacate an arbitral award are relevant to a court's decision to confirm the award. *See Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023). Second, a court determines the weight of the presumption that attaches, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *See Olson*, 29 F.4th at 87-88. Documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). Here, the documents submitted in connection with the motion to vacate the arbitral award are subject to a strong presumption of public access, since Respondent's motion goes to the ultimate issue in the case—i.e., whether or not to confirm the award. *See Caremark, L.L.C. v. N.Y. Cancer & Blood Specialists*, No. 23 Civ. 8508, 2023 WL 8280972, at *2 (S.D.N.Y. Nov. 30, 2023) ("[T]hese judicial documents are entitled to a strong presumption of access given that they directly affect the Court's adjudication of the petition to vacate.").

Finally, a court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Stafford*, 78 F.4th at 70. Here, Mercantile argues that the documents in question are subject to a stipulated confidentiality agreement to facilitate arbitration. *See* Pet'r's Mot. "Confidentiality is a paradigmatic aspect of arbitration." *Stafford*, 78 F.4th at 71 (finding a district court's decision to unseal an arbitral award was an abuse of discretion in part because of the confidentiality of the arbitral proceedings). The parties' interest in confidentiality for purposes of facilitating arbitration is a consideration supporting sealing. Mercantile also argues that release of its confidential business and proprietary information—including business plans, detailed financial information, and financial projections—would

unfairly aid its competitors, particularly in light of an ongoing capital raise.  *See* Pet'r's Mot. at 2.  The need to protect truly confidential commercial information can also support filing under seal.  *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]").  Although Mercantile's redactions are potentially overbroad, in light of the Second Circuit's guidance in *Stafford* regarding the importance of facilitating arbitration, the Court finds that countervailing interests rebut the presumption of public access applicable to the documents in question.

       It is hereby **ORDERED** that the motion to seal is **GRANTED.**

       The Clerk of Court is respectfully directed to close the motions at ECF Nos. 13 and 21 and to maintain the documents at ECF Nos. 14 and 19 under seal.

       SO ORDERED.

Dated: May 3, 2024
       New York, New York

_____
DALE E. HO
United States District Judge